## Tuttle v. The B. & M. R. R. Co.

1. **Dower : RIGHT OF WAY : HUSBAND AND WIFE.** A widow cannot maintain an action, before her interest in her deceased husband's realty has been set apart, to compel a railway company to purchase her alleged dower interest in a right of way granted by him. Whether or not a husband can grant a right of way to a railroad company free of any claim of his widow for dower in the land conveyed, *quære.*

*Appeal from Decatur District Court.*

Tuesday, June 17.

THE. plaintiff avers that on the 19th day of March, 1872, Oliver Tuttle made, executed and delivered to the defendant a conveyance, of which the following is a copy:

"For the consideration of one dollar to Oliver Tuttle in hand paid by the Burlington & Missouri Railroad Company, the receipt of which is hereby acknowledged, we, Oliver Tuttle, hereby grant, bargain, sell and convey unto the said company a strip or parcel of land described as follows, to-wit: So much of the north-west quarter of section thirty-four (34), township seventy (70) north, range twenty-four (24) west, as lies within fifty feet of the center of the main track of the Burlington & Missouri Railroad Company, as the same is surveyed, staked out and marked upon the ground, being fifty feet in width on each side of said center line—the same being for right of way for said railroad, and for railroad purposes only—situated in the county of Decatur, State of Iowa, to have and hold the same to the said company, their successors and assigns forever.

"In witness whereof, we hereto affix our names this 19th day of March, 1872.            OLIVER TUTTLE."

Acknowledgment in due form.

It is averred that at the time of making said conveyance the plaintiff was the wife of Oliver Tuttle; that he was then

the owner, in fee of the land through which said right of way was granted; that he continued to be the owner thereof until his death, on the 29th day of August, 1877; that one-third of the real estate embraced in said right of way was and is of the value of three hundred dollars, and that plaintiff has tendered a deed to defendant for her dower interest in said right of way, and demanded of defendant pay for the one-third in value thereof, and that defendant refused to accept the deed or pay for the land.

Judgment is demanded against defendant for one-third in value of said real estate.

There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*M. M. Kellogg*, for appellant.

*Warner & Bullock*, for appellee.

ROTHROCK, CH. J.—The object of this action is to compel the defendant to purchase the alleged dower interest of the

1. DOWER: right of way: husband and wife.

plaintiff in the right of way granted by the husband. We are united in the opinion that the action cannot be maintained. Plaintiff claims that because the defendant is in possession of the land under the grant of the husband, it is now liable to pay her the value of her alleged interest. If the husband had conveyed this land to a private person it would hardly be claimed this action would lie to compel the grantee to purchase the dower or distributive share of the widow. The case at bar is not different in principle from that supposed. It will be time enough for the plaintiff to assert her rights after her dower in the real estate of her deceased husband shall have been assigned and set off to her. It may be in such proceeding that her distributive share will be set off so as not to include the right of way, and at the same time taking the right of way into consideration. If so she would have no cause of complaint.

We do not determine the question whether a husband may grant a right of way to a railroad company free of any claim of his widow for dower in the land conveyed.

AFFIRMED.